FILED
IN COURT
ASHEVILLE, N.C.

SEP 2 4 2012

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:12CR88

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CONSENT ORDER AND |
| | ) | JUDGMENT OF FORFEITURE |
| v. | ) | (PRELIMINARY) |
| | ) | PENDING RULE 32.2(c)(2) |
| (2) BRADLEY DALE ADKINS, | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty and the stipulation of facts included herein, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.    The following property is forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and/or 28 U.S.C. § 2461(c) provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**An $85,000 forfeiture money judgment, such amount constituting the proceeds of the 18 U.S.C. § 371 and 18 U.S.C. § 666(a)(1)(A) offenses to which Defendant pled in the Bill of Information; and**

2.    The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3.    If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

5.    A forfeiture money judgment in the amount of $85,000 shall be included in the Defendant's sentence, and the United States may take steps to collect the money judgment, provided, however, that the net proceeds of the liquidation of any forfeited specific assets shall be credited toward satisfaction of the money judgment.

6. Defendant and co-defendant Alex Dean Nelson shall be jointly and severally liable for the forfeiture money judgment.

7. The parties also stipulate and agree that the money judgment amount identified herein constitutes or is derived from gross proceeds for purposes of 18 U.S.C. 981(a)(1)(C), 28 U.S.C. 2461(c), and/or 21 U.S.C. § 853(p). The parties stipulate and agree to the following factual bases for forfeiture herein. The aforementioned money judgment constitutes or is derived from proceeds of the Section 371 conspiracy offense and Section 666 embezzlement offense to which Defendant pled guilty. As set forth in the Bill of Information, conspirators obtained the proceeds by means including the following: (1) making out Foothills Regional Airport checks to bogus entities and then depositing or cashing those checks for the benefit of the conspirators and (2) stealing money that airport customers entrusted to the conspirators to pay the Airport for rent, services, and fuel.

8. The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
BRADLEY DALE ADKINS
Defendant

_____
ALBERT M. MESSER, ESQ.
Attorney for the Defendant


Signed this the 24th day of October, 2012.

_____
Dennis L. Howell
UNITED STATES Magistrate JUDGE
Western District of North Carolina